IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
SOUTHERN DIVISION

| | |
|---|---|
| FLORIDA LABORERS HEALTH FUND AND LABORERS NATIONAL PENSION FUND; | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | 
| ROSE SEPTIC TANK COMPANY, INC., and ROSE ENGINEERING COMPANY, INC. | ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION
FILE NO.:

## **COMPLAINT**

1.  This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a).

2.  This is an action to enforce the contractual obligation of these employers' to make contributions to multi-employer employee benefit plans under the terms of the Plans and under the terms of a collectively bargained labor contracts.

3.  Plaintiffs, Florida Laborers Health Fund and Laborers' National Pension Fund (hereinafter "Funds" or "Plans") are multi-employer employee

benefit plans as that term is defined in the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1002(3) and (37) (as amended).  The Plans are established and maintained according to the provisions of Agreements and Declarations of Trusts.  The Plans are separate entities.  Each Plan is established by a separate Trust.  Each Plan is administered by its own Board of Trustees.  Contributions to the Plans are provided for in a collective bargaining agreement between the Southeast Laborers' District Council and Union Contractors and Subcontractors, Inc.

4. The Defendant, Rose Septic Tank Co., Inc. is signatory to a Collective Bargaining Agreement with Southeast Laborers' District Council or is otherwise obligated to make contributions to both the Pension Plan and the Health and Welfare Plan pursuant to a written agreement.

5. Rose Engineering Company Inc. is a participating employer in the Florida Laborers Health Plan and is bound by agreement to the make contributions to the Plan on behalf of its covered employees.

6. Pursuant to the provisions of the Collective Bargaining Agreement or other written agreement, the defendants agreed to pay to Plaintiff Plans certain sums of money for each hour worked by employees covered by the collective bargaining agreement.

7. In addition, Defendants agreed to be bound to the Agreement and

Declaration of Trusts establishing the Plaintiff Funds and agreed to make contributions on behalf of covered employees in conformity with the Agreement and Declaration of Trust establishing the Plaintiff Funds.

8.  Defendant Rose Septic Tank Co., Inc. has failed to make contributions to the Laborers National Pension Plan from June 2016 to the present date.

9.  Defendants have also failed to make contributions to the Florida Laborers Health Fund for January 2018 in the amount of $3,770.54.

10. The Agreements and Declarations of Trust establishing the Plaintiff Plans provide that an employer who fails to pay the amounts required by the collective bargaining agreement on time shall be obligated to pay interest after the date of delinquency to the date of payment as well as all necessary costs of collection incurred by the Fund including, but not limited to, reasonable attorneys' fees, interest, audit fees, liquidated damages and court costs.   Defendant is bound to the Agreements and Declarations of Trust.

WHEREFORE, the Plaintiffs' Trustees pray judgment as follows:

A.  That the Court enter judgment in favor of Plaintiff Pension Fund and against Defendant Rose Septic Tank Co., Inc. for all contributions due and payable to the Fund and for liquidated damages from June 2016 to the present date. In addition, Plaintiffs pray for interest from the due date of payment, costs, and attorneys' fees pursuant to 29 U.S.C. §

      1132(g), the Collective Bargaining Agreement, and the Trust documents.

B.    That the Court enter judgment in favor of Plaintiff Health Fund and against Defendants Rose Septic Tank Co., Inc. and Rose Engineering Company, Inc. for all contributions due and payable to the Fund and for liquidated damages for January, 2018. In addition, Plaintiffs pray for interest from the due date of payment, costs, and attorneys' fees pursuant to 29 U.S.C. § 1132(g), the Collective Bargaining Agreement, and the Trust documents.

C.    For such further relief as the Court may deem appropriate.

Respectfully submitted,

S/NICOLAS M. STANOJEVICH
Nicolas M. Stanojevich
Attorney for Plaintiffs
Florida Bar No. 0119400
Quinn, Connor, Weaver,
Davies & Rouco LLP
2 North 20th Street, Suite 930
Birmingham AL 35203
(205) 870-9989
(205)803-4143(fax)
nstanojevich@qcwdr.com